IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ASHBURN, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-373-DRH |
| | ) |
| DONALD GAETZ, | ) |
| | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner John Ashburn, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

In 1995, Ashburn was convicted of first-degree murder in St. Clair County, Illinois. After a series of unsuccessful appeals and post-conviction petitions, he has now come to federal court. In his petition, Ashburn raises the following grounds for relief:

- denial of effective assistance of counsel for counsel's failure to raise a speedy-trial argument on direct appeal

- denial of right to fair and impartial jury

- denial of due process due to State's introduction of irrelevant and prejudicial evidence

- denial of due process due to prosecutorial misconduct

- denial of due process due to State's eliciting of perjured testimony

- denial of due process due to State's broadening of the indictment with introduction of new theory of the offense in jury instructions

- denial of effective assistance of counsel due to counsel's failure to do proper cross-examination and impeachment of State's witnesses

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:   December 14, 2009.**

/s/   DavidRHerndon  
**CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**